[812 NYS2d 618]

In the Matter of SCOTT B. FEIDEN (Admitted as SCOTT BRUCE FEIDEN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 28, 2006

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Chris G. McDonough,* Melville, for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated November 25, 2003, containing eight charges of professional misconduct, a supplemental petition dated September 9, 2004, containing Charges 9 through 13, and a second supplemental petition dated December 2, 2004, containing Charges 14 through 16. The respondent served answers to each of those petitions and essentially admitted the factual allegations but denied that his conduct constituted professional misconduct.

A preliminary conference was held on July 6, 2004, and a hearing was held on June 13, 2005. The parties stipulated to withdraw Charges 10, 13 and 16, and to amend Charges 2 through 5, 9 and 12. The petitioner submitted documentary ev-

idence and did not call any witnesses. The respondent appeared with counsel, testified on his own behalf, and submitted documentary evidence in support of his position. The Special Referee sustained all of the remaining charges, as amended. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent opposes the petitioner's motion and cross-moves to disaffirm the Special Referee's report with respect to Charges 2, 3, 8, 9, 11 and 12. He requests that the sanction imposed be limited to a public censure, or, in the alternative, a brief suspension imposed, nunc pro tunc, to the date of his interim suspension.

Charge 1 alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to co-operate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about September 11, 2002, the Grievance Committee for the Ninth Judicial District received notification from the Lawyers' Fund for Client Protection that it received a bank report indicating that check number 166 in the amount of $48,200 drawn on the respondent's escrow account maintained at Citibank was presented for payment on or about August 20, 2002, and returned as a result of unavailable funds.

On September 13, 2002, the Grievance Committee advised the respondent that he was the subject of a sua sponte complaint pursuant to the dishonored check reporting rules (22 NYCRR part 1300). It directed the respondent to submit a detailed answer and copies of the required bookkeeping records for the preceding six months within 20 days of his receipt of the letter.

The respondent submitted an answer and the bookkeeping records for his attorney escrow account for the period April 2002 through August 2002. Based on a review of the records, the respondent was requested to submit additional information, but he failed to fully comply with the Grievance Committee's requests.

Charge 2, as amended, is predicated upon the facts of Charge 1 and alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice as an attorney by failing to maintain a duly constituted escrow account in breach of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent failed to fully account for funds entrusted to him during the period April 2002 through August 2002.

Charge 3, as amended, is predicated upon the facts of Charges 1 and 2, and further alleges that the respondent failed to maintain a duly constituted escrow account by making cash withdrawals from his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (e) (22 NYCRR 1200.46 [e]).

During the period from April 2002 through August 2002, the respondent made various withdrawals from the account, including the sum of $4,000 on or about April 10, 2002.

Charge 4, as amended, is predicated upon the facts alleged in Charges 1 and 2, and further alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to account for funds entrusted to him, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent issued check number 1638 payable to "Marc A. Bergman, as attorney" in the amount of $22,000, but failed to account to the Grievance Committee for the corresponding deposit against which that check was issued.

Charge 5, as amended, is predicated upon facts alleged in Charges 1 and 2 and further alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), by failing to safeguard and/or by converting funds entrusted to him in breach of his fiduciary duty. The respondent issued check number 1638 payable to "Marc A. Bergman, as attorney" in the amount of $22,000 against unrelated funds.

Charge 6 alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about July 18, 2003, the Grievance Committee was notified of a bank report indicating that check number 1080 in the amount of $30,650, drawn on the respondent's escrow account, was presented for payment on or about June 9, 2003, and returned as a result of insufficient funds.

By letter dated July 22, 2003, the Grievance Committee advised the respondent that he was the subject of a sua sponte

complaint concerning a dishonored check. It directed the respondent to submit a detailed answer and copies of the required bookkeeping records for the preceding six months within 20 days of his receipt of the letter.

The respondent failed to comply.

Charge 7 alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

By letter dated September 9, 2003, the Grievance Committee forwarded to the respondent a complaint from Diane BonGiovanni and Joseph BonGiovanni and requested that he submit an answer within 10 days. The Grievance Committee advised the respondent that an unexcused failure to reply constituted professional misconduct independent of the merits of the complaint.

The respondent failed to submit an answer.

By certified letter dated October 8, 2003, the Grievance Committee forwarded a second copy of the complaint to the respondent. That letter was signed for on or about October 10, 2003.

The respondent failed to answer.

Charge 8 alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by failing to account for funds entrusted to him in breach of his fiduciary duty, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In the course of representing the BonGiovannis regarding the refinance of their residence, the respondent was entrusted with funds relative to various debts owed by them.

The respondent failed to account for the funds entrusted to him.

Charge 9 alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law in that he failed to maintain a duly constituted escrow account, by failing to safeguard funds entrusted to him, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent issued check numbers 1729, 1732 and 1740, on behalf of his client Siava totaling $41,161.16 from his attorney escrow account. At the time the checks were presented for payment, there were insufficient funds on deposit in the

respondent's escrow account with respect to the Siava matter. The respondent's escrow account balance was depleted to less than the amount he was required to be holding and in fact, had a negative balance on December 26, 2002.

Charge 11 alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to maintain a duly constituted escrow account, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

On or about December 27, 2002, and June 10, 2003, the respondent deposited or caused to be deposited the sums of $11,000 and $10,000 respectively, drawn on accounts maintained by Judith G. Feiden.

Charge 12, as amended, alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law in that he failed to maintain a duly constituted escrow account by failing to safeguard funds entrusted to him, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

The respondent issued check number 1808 on behalf of his client Goldman in the amount of $30,650 from his attorney escrow account. At the time the check was presented for payment, there were insufficient funds on deposit in the respondent's escrow account regarding the Goldman matter. The respondent's escrow account balance was depleted to less than the amount he was required to be holding and, in fact, had a negative balance on June 9, 2003.

Charge 14 alleges that the respondent has engaged in conduct prejudicial to the administration of justice by failing to cooperate with the lawful demands of the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

By letter dated October 5, 2004, the Grievance Committee advised the respondent that he was the subject of a complaint initiated against him pursuant to the dishonored check reporting rules and directed him to submit a response within 20 days.

The respondent failed to comply.

Charge 15 alleges that the respondent has engaged in conduct that adversely reflects on his fitness to practice law by failing to safeguard funds entrusted to him, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

In connection with his representation of David Kimmel in a civil dispute, the respondent was entrusted with the sum of $60,000 on Kimmel's behalf.

The respondent failed to deposit the funds into his attorney escrow account.

At the close of the hearing, the petitioner moved to amend the pleadings with respect to Charge 3 to conform with the proof by alleging a violation of Code of Professional Responsibility DR 9-102 (e), which requires an attorney to obtain the prior written consent of his client before making a transfer of funds. The respondent testified and provided documentation demonstrating that he did not receive cash as a result of the transactions at issue. Additionally, the petitioner also requested that with respect to Charge 15, in accord with the testimony presented, the sum of $40,000 be changed to the sum of $20,000.

The respondent has cross-moved to disaffirm the Special Referee's findings only with respect to Charges 2, 3, 8, 9, 11 and 12.

Based upon the respondent's admissions and the evidence presented, the Special Referee properly sustained all of the remaining charges as amended and the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee reports that the respondent's prior disciplinary history includes two letters of caution. The first was issued March 3, 2003, and involved his filing of two affidavits containing false information; i.e., having a date of an affidavit in support of a motion and affidavit of service read one day before the actual date when they were signed and executed. The second letter of caution dated October 28, 2003, was issued for the respondent's failure to timely cooperate with the Westchester County Bar Association's investigation.

By way of mitigation, the respondent points out that the charges arise essentially from bookkeeping errors. Also, no client has suffered monetary loss and there is no evidence of venality. Per the respondent, when he discovered the shortfalls in his escrow account, he obtained the money from his mother to cover the missing funds. He accepts responsibility for his past failures and has instituted new recordkeeping procedures to prevent these problems in the future.

Notwithstanding the mitigation advanced in the instant case, the numerous charges against the respondent all emanate from

his failure to properly safeguard monies entrusted to him by his clients. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted, and the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Scott B. Feiden, admitted as Scott Bruce Feiden, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), (c) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (2), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Scott B. Feiden, admitted as Scott Bruce Feiden, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Scott B. Feiden, admitted as Scott Bruce Feiden, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and Scott B. Feiden shall certify to the same in his affidavit of compliance, pursuant to 22 NYCRR 691.10 (f).